UNITED STATES DISTRICT COURT
SOUTHERN DISTRCIT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MARSHA PATE-STRICKLAND | * | CASE NO. |
| 980 Wilmington Ave., Apt 302 | | |
| Dayton, Ohio 45420 | * | JUDGE |
| | | Magistrate |
| Plaintiff | * | |
| | | |
| vs. | * | |
| | | |
| | * | COMPLAINT WITH JURY DEMAND |
| MONTGOMERY COUNTY BOARD | * | ENDORSED THEREON |
| OF COMMISSIONERS | | |
| 451 W. Third St. | * | |
| Dayton, Ohio 45422 | | |
| | * | |
| and | | |
| | * | |
| PHIL PLUMMER, SHERIFF | | |
| MONTGOMERY COUNTY SHERIFF | * | |
| 345 W. Second St. | | |
| Dayton, Ohio 45422 | * | |
| | | |
| and | * | |
| | | |
| DAVID E. STEMP | * | |
| MONTGOMERY COUNTY SHERIFF | | |
| 345 W. Second St. | * | |
| Dayton, Ohio 45422 | | |
| | * | |
| and | | |
| | * | |
| NAPHCARE, INC. | | |
| 950 22nd St., North | * | |
| Suite 825 | | |
| Birmingham, AL  35203 | * | |
| | | |
| Also Serve: | * | |
| | | |
| Naphcare, Inc. | * | |
| c/o National Service | | |
| Information, Inc. | * | |

1

**its statutory agent**
**145 Baker St.**                          *
**Marion, OH  43302**

                                           *

**and**

**GREG MILLS**                             *
**c/o Montgomery County Jail**
**303 W. Second St.**                      *
**Dayton, OH  45422**

**and**                                    *


**ANY AND ALL OTHER JANE AND/OR** *
**JOHN DOES, whose identities are not yet**
**known but shall be ascertained through**  *
**discovery**

                                           *

     **Defendants**

---

Plaintiff Marsha Pate-Strickland, by and through her attorney, hereby alleges the following as her Complaint:

## JURISDICTION

1.  This Honorable Court has jurisdiction over all claims presented herein pursuant to 28 U.S.C. § 1331 (federal question), 42 U.S.C. § 1983 and § 1988, and has pendant jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

2.  This action arises under the United States Constitution, particularly under the provisions of the Fourth, Sixth, and Fourteenth Amendments to the Constitution of the United States, under Federal law, particularly the Civil Rights Act, Title 42 of the United States Code, §§ 1983 and 1988 and Ohio common law.

## VENUE

3.  Venue is appropriate under 28 U.S.C. § 1391(b) and Fed.R.Civ.P. 4 and 17(b), Chapter X, S.D. Ohio Civ. R. 82.1 as all events giving rise to these causes of action occurred within the geographical jurisdiction of this Court.

## PARTIES

4.  Plaintiff Marsha Pate-Strickland ("Pate-Strickland"), at all times relevant to this complaint, is a natural person residing at 980 Wilmington Ave., Apt 302, Dayton, Ohio 45420 and a resident of Montgomery County, Ohio.

2

5.    Defendant Montgomery County Board of Commissioners, made up of three duly elected commissioners, is the body elected to govern the affairs of Montgomery County, Ohio pursuant to the Ohio Revised Code and is located within the geographical jurisdiction of this Court.

6.    Defendant Sheriff Phil Plummer ("Plummer") is an Ohio law enforcement officer and duly elected Sheriff of Montgomery County.

7.    David E. Stemp ("Stemp") is an Ohio law enforcement officer / corrections officer and is an agent and servant of the Montgomery County Sheriff's Office and the Sheriff of Montgomery County.

8.    Defendant Greg Mills, LPN ("Mills") is an licensed nurse in the State of Ohio who provides medical services to injured persons and in particular to inmates at the Montgomery County Jail.

9.    Defendant Naphcare, Inc. ("Naphcare") is a foreign limited partnership organized under the laws of the State of Alabama, licensed to do business in the State of Ohio.

10.   Defendant(s) John and/or Jane Doe is (are) persons and entities whose identities shall be determined during discovery whose acts and omissions were willful, negligent, grossly negligent, reckless, and were deliberately indifferent to the health, safety, and welfare of Plaintiff.  This complaint shall be amended pursuant to Federal Rule of Civil Procedure 15 as their identities are discovered.

11.   Each of the individually named defendants is sued individually and in their official capacities, unless otherwise alleged.

12.   Each of the individually named defendants were, at all times relevant, acting under color of state law and on behalf of the Board of County Commissioners of Montgomery County, Ohio, Sheriff Phil Plummer, and/or the State of Ohio.

## FACTS COMMON TO ALL ALLEGATIONS

13.   On September 8, 2015 the Plaintiff, Marsha Pate-Strickland was being detained in the Montgomery County Ohio Jail, in the City of Dayton, County of Montgomery, State of Ohio.

14.   At that time, Plaintiff was sixty (60) years old and of average size and build for someone of her age.

15.   At approximately 0530 hours, breakfast was being served to the inmates and Plaintiff Pate-Strickland was sitting in a chair in a common area eating without a table.

16.     Plaintiff then asked the corrections officer on duty, Defendant Stemp, to exchange a juice for a milk.

17.     Defendant Stemp would not allow the Plaintiff to exchange the juice for a milk and then came over to where she was seated and began yelling at her.

18.     After being directed to stand by Defendant Stemp, the Plaintiff stood up in a non-confrontational manner, at which time Stemp tried to grab the Plaintiff.

19.     Plaintiff Pate-Strickland slightly pulled away from Defendant Stemp and asked him not to touch her.

20.     At that point, Defendant Stemp forcefully grabbed the Plaintiff's left arm and violently swung her around, ultimately slamming her and her right shoulder / arm into the floor.

21.     Defendant Stemp then secured the Plaintiff in handcuffs behind her back.

22.      Sgt. Thomas Feehan also appeared at that time and assisted in escorting the Plaintiff into FHD 120.

23.     Plaintiff immediately complained of an injury to her right arm and shoulder.

24.     The jail's nurse, Defendant Mills, acting in the scope and course of his employment with Defendant Naphcare, was asked to look at the Plaintiff's right arm.

25.     Defendant Mills performed a visual inspection of the Plaintiff's right arm and concluded that she suffered no injury because the right shoulder did not appear to be "out of place" and gave her an ice pack.

26.     Defendant Mills refused to have Plaintiff transported to a hospital for her to receive proper evaluation and/or immediate treatment for her serious medical condition, disregarding her serious medical needs and acute injury.

27.     Approximately 20 minutes later Sgt. Feehan went to speak with the Plaintiff who again advised that her right shoulder, right arm and the right side of her face were injured and that she needed medical treatment.

28.     Plaintiff further told Sgt. Feehan that "That giant beast didn't need to break my arm!"

29.     During her entire stay at the Montgomery County Jail, Plaintiff continued to complain of severe physical pain but received no medical treatment during her entire incarceration.

30.     It is the policy of the Montgomery County Jail to use a hand held video camera to record any use of force used upon an inmate.

4

31.     Defendant Stemp intentionally did not request or allow any other officer(s) to record his use of force against the Plaintiff.

32.     Sometime thereafter, Plaintiff was removed from the holding cell and placed back into the general population without further incident.

33.     After being released from the jail on September 10, 2015, the Plaintiff immediately sought medical treatment at the Kettering Hospital due to continued pain in her right shoulder and arm.

34.     Plaintiff was subsequently diagnosed by the Kettering Hospital physician with a comminuted right humeral head/neck fracture from being slammed into the floor by Defendant Stemp.

35.     As a direct and proximate result of the delay in treatment, Plaintiff's fracture took longer to heal than it would have taken had she received immediate treatment, causing her to suffer additional disability and pain, above and beyond the excruciating pain she experienced during her incarceration without medical treatment.

36.     The wrongful conduct of Defendant Stemp constituted brutal and excessive force, was cruel and unusual,  and was not a proportionate response to Plaintiff's actions while in the Defendants' custody. Defendants, jointly and severally, exhibited deliberate indifference concerning the amount of force they applied on the Plaintiff.

37.     A reasonably competent police officer and/or corrections officer would not consider the use of the amount of force, under these circumstances, reasonable.

38.     Defendants were within the course and scope of their employment during all times relevant to Plaintiff's complaint, acting under the direction and orders of their superior officers, and acting pursuant to established policies, procedures, customs, supervision and past practices of the Montgomery County Sheriff's Office, the Sheriff of Montgomery County, and the State of Ohio.

39.     As a result of Defendants' actions, Plaintiff has been required to seek various therapies. Her injuries are permanent and debilitating. Plaintiff has suffered and continues to suffer from loss of enjoyment of life, humiliation, severe emotional distress, and economic injuries, including loss of income, loss of earning capacity and losses due to medical care she has been required to receive as a result of the injuries.

## COUNT ONE: DEPRIVATION OF CIVIL RIGHTS
### 42 U.S.C. 1983
*All Defendants individually and officially except Board of County*
*Commissioners in their official capacities*

40.     Plaintiff reincorporates by reference all preceding paragraphs.

41.   Defendants, acting under color of state law and in the course of employment, deprived and/or denied Plaintiff  Marsha Pate-Strickland federal constitutionally and statutorily protected rights.

42.   Defendants violated Plaintiff's rights to: (1) protection against unreasonable search and seizure; (2) due process of the law; (3) security in her person, papers and possessions, and (4) protection from cruel and unusual punishment.

43.   As a direct and proximate result of Defendants' actions, Plaintiff has suffered economic and non-economic damages and Defendants are liable to Plaintiff for same.

### *BRANCH ONE*: EXCESSIVE USE OF FORCE
### 42 U.S.C. 1983; AMENDMENTS 4, 8, & 14, U.S. CONSTITUTION

44.   Plaintiff reincorporates by reference all preceding paragraphs.

45.   As alleged in previous paragraphs, Defendant Stemp applied an objectively unreasonable amount of force on Plaintiff while in Defendants' custody.

46.   Defendants Stemp, Plummer and Board of County Commissioners are liable for the excessive use of force applied by Defendant Stemp under the doctrines of respondeat superior, ratification, estoppel, and/or agent/principal.

47.   Plaintiff's injuries resulted directly and only from the use of force that was excessive to the need or lack thereof.

48.   The activities of the Defendants, as alleged above, were carried out deliberately, indifferently, grossly, negligently, and willfully and under the alleged authority and color of the laws of the State and County which Defendants represented.

49.   Plaintiff was subjected to, or was caused to be subjected to, use of force that was objectively unreasonable in light of the facts and circumstances presenting Defendants.

50.   Plaintiff was subjected to, or was caused to be subjected to, use of force far in excess of what an ordinary, prudent police/corrections officer would have done under those circumstances. The amount of force used violated Plaintiff's rights secured by the 4th Amendment to the United States Constitution.

51.   Plaintiff was subjected to, or was caused to be subjected to, use of force by Defendants that shocked the conscience.

52.   Under the circumstances, the use of force on a sixty (60) year old woman, completely unable to protect herself from the younger and much larger corrections officer, was certain or reasonably foreseeable that it would cause pain, injury and possible death, constituting reckless and deadly force.

6

53.     Defendants lacked any cause whatsoever to believe that Plaintiff posed a significant threat of death or serious physical injury to the officer, others, or herself.

54.     Defendants' use of force constituted a denial of Plaintiff's rights to be secure from cruel and unusual punishment as secured and guaranteed to her under the 8th and 14th Amendments to the United States Constitution.

55.     Plaintiff further alleges that the use of force to which she was subjected was grossly negligent, reckless, malicious, sadistic, tortious and was carried out with abandoned and depraved hearts.

56.     Defendants' use of force constituted a denial of Plaintiffs' rights to Due Process of the Law as secured and guaranteed to her under the 14th Amendment to the United States Constitution.  There was no need for this particular application of force, there was no relationship between the amount of force inflicted, the extent of the injuries inflicted was severe, permanent, and debilitating, and the amount of force applied was applied maliciously and sadistically for the purpose of doing harm.

57.     As a direct and proximate result of the activities alleged above, the Plaintiff suffered injuries and damages, including pain and suffering, for which the Defendants named are jointly and severally liable.

### *BRANCH TWO*: POLICIES AND PROCEDURES
### 42 U.S.C. 1983

58.     Plaintiff reincorporates by reference all preceding paragraphs.

59.     Defendant Plummer, as Sheriff of Montgomery County and jail administrator, respectively, was and is responsible for establishing and implementing policies, practices and procedures designed to assure that Plaintiff, a detainee at the Montgomery County Jail, would not be subjected to egregious and unwarranted acts of violence as alleged hereinabove.

60.     Defendant Board of County Commissioners, as the duly elected body which sets policies and procedures for Montgomery County, Ohio, is and was responsible for establishing and implementing policies and procedures designed to assure the Constitutionally-proper operation of the Montgomery County Jail and Montgomery County Sheriff's Office and exercising proper oversight over these same entities.  Proper operation of these entities includes prevention of excessive use of force, violent and savage conduct as alleged in this complaint.

61.     Defendants' policies, practices and procedures were not designed to assure that Plaintiff, a detainee at the Montgomery County Jail, would be protected from excessive use of force, violent and savage conduct as alleged in this complaint.

7

62.    On information and belief, Defendants application of unconstitutionally excessive force was pursuant to policy, procedure, past practice, habit, custom, and/or directives of the Defendants' employers and supervisors. Moreover, upon information and belief, Defendant Stemp and other employees of the Montgomery County Sheriff's Office have engaged in a pattern in the past of the use of violent, excessive force in violation of established policies and procedures of which the Defendants' respective employers and have likewise destroyed evidence of same.

63.     The employers, including the Board of County Commissioners, had notice but negligently, wantonly, recklessly, and willfully failed to correct.

64.    The Board of County Commissioners tolerated a custom of wrongful conduct within the Montgomery County Sheriff's Office that leads to, causes, or results in the deprivation of constitutionally protected rights.

65.    Defendants adopted policies, practice, and procedures that they knew or should have known would be inadequate to prevent Plaintiff's injuries.

66.    Defendants, by and through the position of knowledge, activities and ratification of the person or persons having supervisory responsibility over said case implemented, promulgated, adopted, ratified and acquiesced in the deliberate indifference to the serious needs of the Plaintiff, and those similarly in her position, and willfully, wantonly, recklessly or negligently created an unlawful and unreasonable risk of injury, use of excessive force and deprivation of her right to medical care.

67.    On information and belief, Defendant Stemp has not been the subject of any disciplinary review for the wrongful treatment, assault and exclusive use of force used on the Plaintiff, showing that the wrongful conduct has been adopted and ratified by Defendants.

68.    Defendants were acting under color of state law in implementing the described practice, custom, policies, and procedures for the Montgomery County Sheriff's Office and Montgomery County Jail.

69.    As a direct and proximate result of the consequence of the activities of Defendants and their respective agencies and employers, Plaintiff was deprived of her rights as secured and guaranteed by the 4th, 8th and 14th Amendment of the Constitution of the United States.

70.    Pleading in the alternative, the Montgomery County Sheriff's Office and the Montgomery County Jail do not have a policy that, when an arrestee or inmate is discovered to be injured, in pain, or otherwise in need of medical care, the employees of the Montgomery County Sheriff's Office or Montgomery County Jail will provide or procure medical care for the arrestee or inmate in need.

71.     In the event that such a policy does not exist, the non-existence of the policy is a violation of the constitutional rights of arrestees and inmates of the Montgomery County Jail under the Fourth, Eighth, and/or Fourteenth Amendments to the United States Constitution.

72.     In the event that such a policy does exist, that policy was not followed in Plaintiff's case, as she was held at the Montgomery County Jail without receiving any medical treatment even though she was suffering from a right humerus fracture.  The employees and contractors of the Montgomery County Sheriff's Office and Montgomery County Jail who, pursuant to the policy, should have provided or procured medical treatment for Plaintiff were not properly trained, supervised, or disciplined, which lead to Plaintiff's suffering without medical care.

73.     Pleading in the alternative, if the duty to create and/or enforce such a policy was delegated to Naphcare, Sheriff Plummer remains jointly liable with Naphcare for the failure to create or enforce the policy, as the duty to provide medical care to inmates of the Montgomery County Jail is a non-delegable duty imposed by the Fourth, Eighth, and/or Fourteenth amendments to the United States Constitution.

74.     As a direct and proximate result of either the non-existence of such a policy, or the failure to train, supervise, and discipline the employees of the Montgomery County Sheriff's Office, Montgomery County Jail, and Naphcare in such a way as to enforce the policy, Plaintiff sustained injuries, specifically the exacerbation of the injuries she had received in the assault / battery / excessive use of force perpetrated by Defendant Stemp, especially the fracture of Plaintiff's humerus.

75.     As a result, in the care and treatment of her injuries, Plaintiff was required to submit to numerous and extensive examinations, treatments, and hospitalization; she incurred medical expenses in an amount yet to be determined; her injuries were permanent; she was deprived of her ability to enjoy life; she suffered a loss of income and earning capacity; and she suffered severe pain, mental anguish, and emotional distress.

76.     As a direct and proximate result of the activities alleged above, Plaintiff was caused to suffer damages, including pain and suffering, for which said Defendants are liable.

77.     Plaintiff is entitled to both compensatory and punitive damages as a proximate result of the violation of her constitutional rights

### *BRANCH THREE*: FAILURE TO SUPERVISE & DISCIPLINE
### 42 U.S.C. 1983

78.     Plaintiff reincorporates by reference all preceding paragraphs.

79.     Defendants, negligently, deliberately, recklessly, failed to properly train, supervise and/or discipline the officer(s) involved in the unlawful and unconstitutional application of force on the Plaintiff.

80.     The failure to train, supervise and/or discipline was the result of the Defendants' deliberate indifference to the constitutional rights of Plaintiff and the public at large.

81.     As a direct and proximate result of Defendants' failure to properly train, supervise or discipline the officers involved in the attack on Plaintiff, Plaintiff suffered severe physical and emotional injuries.

82.     Specifically, but without limitation, the fact that a corrections officer slung a sixty (60) year old woman to the ground over wanting to exchange a juice for a milk evinces the fact that the Defendants, Montgomery County Sheriff, the administrator of the Montgomery County Jail, and the Board of County Commissioners are deliberately indifferent to the safety and constitutional rights of detainees.

83.     On information and belief, the Board of County Commissioners, as the body politic responsible for the Sheriff's Office, has failed to conduct or cause to be conducted remedial training, additional supervision and/or discipline to prevent and ameliorate injuries similar to those that were inflicted on Plaintiff.

84.     On information and belief, the Board of County Commissioners, has knowledge of past instances of detainee abuse and has failed to train, supervise, discipline or otherwise respond so as to prevent injuries to members of the public.

## *BRANCH FOUR*: DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED 42 U.S.C. 1983

85.     Plaintiff reincorporates by reference all preceding paragraphs.

86.     Plaintiff received no medical care and/or completely inadequate medical care from the time she was injured by Defendant Stemp until she was released from the Montgomery County jail on September 10, 2015.

87.     Plaintiff had a right to receive medical treatment at the Montgomery County jail after her shoulder / arm injury pursuant to the Fourth, Eighth, and/or Fourteenth Amendments to the United States Constitution.

88.     Defendants Plummer and Stemp had a duty to have Plaintiff properly evaluated when she complained of an injury to her arm and shoulder as a direct and proximate result of the wrongful conduct of Defendant Stemp.

89. Defendant Greg Mills' visual inspection of Plaintiff's arm / shoulder was not a proper evaluation of Plaintiff's injuries and was grossly inadequate to diagnose any medical condition and/or injury.

90. Defendants Sheriff Plummer, Stemp, Mills and Naphcare had a duty to have Plaintiff properly evaluated by a physician and/or transferred to a hospital upon learning that she had suffered an injury to her arm and shoulder. They failed to do so.

91. Defendants Sheriff Plummer, Stemp, Mills, and Naphcare had a duty to provide medical care to Plaintiff pursuant to the Fourth, Eighth, and/or Fourteenth Amendments to the United States Constitution.  They failed to do so.

92. As a direct and proximate result of the Defendants' joint and/or several failures to provide medical care to Plaintiff, their wrongful, deliberately indifferent conduct and malpractice as aforesaid, Plaintiff sustained injuries, specifically the exacerbation of the injuries she had received in the assault/battery/excessive use of force perpetrated by Defendant Stemp.

93. As a result of the failure to receive treatment, Plaintiff was required to submit to numerous extensive examinations, treatments, and hospitalization; she incurred medical expenses in an amount yet to be determined; her injuries were permanent; she was deprived of her ability to enjoy life; she suffered a loss of income and earning capacity; and she suffered severe pain, suffering, mental anguish, and emotional distress.

94. The acts and omissions of the Defendants, jointly and severally, in failing to provide any medical care, or the necessary medical care to Plaintiff, constitutes deliberate indifference to a serious medical need, in violation of Plaintiff's constitutional rights under the Fourth, Eighth, and/or Fourteenth Amendments to the United States Constitution.  Pursuant to 42 U.S.C. § 1983 Defendants are liable for that constitutional violation.

95. Plaintiff is entitled to both compensatory and punitive damages as a result of the violation of her constitutional rights.

96. Plaintiff is entitled to dignitary damages and psychological damages for her fear of law enforcement so disregarding her injuries at his expense.

97. Defendants' conduct, jointly and severally, caused harm to the Plaintiff.

## COUNT TWO: MALICE & GROSS, WANTON, WILLFUL AND RECKLESS WRONGFUL CONDUCT
*All Defendants in their individual capacities, except the Board of County Commissioners*

98. Plaintiff reincorporates by reference all preceding paragraphs.

99. The acts and omissions of Defendants, as alleged herein, constitute gross, wanton, willful, and reckless wrongful conduct and actual malice in light of Defendants' actual conscious indifference to the health, safety, legal rights and welfare of Plaintiff.

100.    Defendants Sheriff Plummer, Stemp and Board of County Commissioners owed Plaintiff a duty to exercise that level of care in the training, supervision, and regulation of their personnel that would have prevented Plaintiff's injuries and damages as pled herein.

101.    Defendants Sheriff Plummer, Stemp and Board of County Commissioners negligently, maliciously, recklessly, and willfully breached that duty and as a direct and proximate result, Plaintiff suffered injuries and damages.

102.    Defendant Stemp owed Plaintiff a duty of reasonable care under the circumstances and not to act recklessly, intentionally or negligently.

103.    Defendant Stemp negligently, intentionally, maliciously, recklessly, and willfully breached that duty through his wrongful conduct and as a direct and proximate result, Plaintiff suffered injuries and damages.

104.    Through the conduct alleged above, Defendants negligently, intentionally, maliciously, recklessly, and willfully breached this duty by slamming the Plaintiff to the ground without any justifiable reason and as a direct and proximate result, Plaintiff suffered injuries and damages.

105.    As a result of the actual malice and conscious indifference of Defendants, Plaintiff is entitled to recover, and hereby request, punitive damages in an amount appropriate to punish and deter Defendants from similar acts of misconduct in the future.

## COUNT THREE: ASSAULT
*Defendant Stemp in his individual capacity*

106.    Plaintiff reincorporates by reference all preceding paragraphs.

107.    Defendant Stemp acted with intent to create an imminent apprehension of a harmful or offensive contact with the Plaintiff's person.

108.    Defendant Stemp actually threatened and administered imminent physical violence and Plaintiff was placed into apprehension of imminent harmful or offensive contact.

109.    Immediately preceding intentional physical contact, Plaintiff was placed into apprehension of imminent harmful or offensive contact.

110.    As a direct and proximate result of Defendants' actions and inactions, Plaintiff has suffered disabling psychological trauma, loss of enjoyment of life, pecuniary injury, and will continue to suffer same into the future.

## COUNT FOUR: BATTERY
*Defendant Stemp in his individual capacity*

111.    Plaintiff reincorporates by reference all preceding paragraphs.

112.    Defendants acted with intent to cause Plaintiff serious bodily harm.

113.    As alleged above, while in their custody, Defendant Stemp inflicted a harmful or offensive contact onto the Plaintiff's person. Specifically, Defendant Stemp grabbed the Plaintiff by the arm and forcefully slung her into the floor.

114.    Defendant's force was excessive by any measure and was without authorization, express or implied.

115.    The amount of force used on the Plaintiff was harmful and offensive and outside the scope of any privilege or consent.

116.    As a direct and proximate result of the actions and inactions of Defendants, Plaintiff has suffered bodily injury, pain and suffering, permanent, disfiguring and disabling injury, loss of enjoyment of life, loss of income, loss of earning capacity and will continue to suffer same into the future.

117.    As a direct and proximate result of the actions and inactions of Defendants, Plaintiff has suffered pecuniary damages, including, but not limited to, loss of wages, loss of earning capacity, medically-related expenses, and the cost of replacement services and is entitled to those damages which shall punish and deter Defendants from future conduct in conformity with the allegations above.


**WHEREFORE,** Plaintiff respectfully demands judgment against the Defendants, jointly and severally, for compensatory and other damages in amounts to be determined at trial, as well as the costs of this action to include reasonable attorney fees, prejudgment interest, post-judgment interest and to such other and further relief to which Plaintiff may be deemed entitled.


Respectfully submitted,


/s/ Douglas D. Brannon
Douglas D. Brannon (0076603)
Attorney for Plaintiff
BRANNON & ASSOCIATES
130 W. Second St.    Suite 900
Dayton, OH   45402
Telephone:    (937) 228-2306

13

Facsimile:    (937) 228-8475
E-Mail:       dougbrannon@branlaw.com

## JURY DEMAND

Plaintiff Marsha Pate-Strickland, by and through her attorney, hereby respectfully demands trial by jury as to her claims pursuant to Federal Rule of Civil Procedure 38, et seq., and Southern District Local Rule 38.1.

/s/ Douglas D. Brannon
Douglas D. Brannon